CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 31, 2026

LAURA A. AUSTIN, CLERK
BY:
        s/A. Beeson
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| JASON EDWARD HARRISON, | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00120 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| BRUCE RUSSELL, | ) | Senior United States District Judge |
| Defendant. | ) | |

### MEMORANDUM OPINION

Jason Edward Harrison, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Bruce Russell. Harrison has applied to proceed without prepayment of the filing fee. The case is presently before the court for review under 28 U.S.C. § 1915(e). For the following reasons, the complaint is **DISMISSED** without prejudice.

### I.      Background

According to the complaint, Russell is an attorney who represented Harrison in a state criminal case. Compl., ECF No. 1, at 2. Harrison alleges that Russell "broke all the canon laws when he allowed Judge Rich Patterson to sentence [him]" after the judge had recused from the case. Id. Harrison seeks to be compensated for the time that he has spent in jail. Id. at 3.

### II.      Standard of Review

Under 28 U.S.C. § 1915(e), which governs proceedings filed without prepayment of the filing fee, the court has a duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). The court must dismiss a case "at any time if the court

determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.    Discussion

Harrison filed suit against Russell under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Harrison's complaint does not allege facts from which the court could conclude that Russell acted under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Additionally, a defense attorney does not act under color of state law when performing traditional functions as counsel. See Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (holding that a § 1983 action against a state-appointed attorney was subject to dismissal "for want of state action"); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a "private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983")

(emphasis in original). Accordingly, the complaint fails to state a claim for relief under § 1983 against Russell.

### IV. Conclusion

For the reasons stated, Harrison's civil rights complaint under § 1983 is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.* An appropriate order will be entered.

Entered: March 30, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.30
15:57:55 -04'00'

Michael F. Urbanski
Senior United States District Judge

---

\* To the extent Harrison intended to assert a claim for legal malpractice under state law, the court declines to exercise supplemental jurisdiction over such claim and will dismiss it without prejudice. See 28 U.S.C. § 1367(c)(3) (permitting a district court to decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction").